Good morning. Good morning. Marty Katz from Shepard Mullen. On behalf of New Image, I'd like to reserve five minutes for rebuttal, please. I want to start with the point of agreement between the parties here. And the point of agreement is that if this circuit, the Ninth Circuit decision in Rosie's transfer, remains good law, then the district court erred, the district court would have jurisdiction over this case, and there should be a reversal, obviously with remand back to the district court. The key to addressing that issue is how to frame the issue that's before this court. Because we frame it one way, and IATSE frames it another way, and I think the framing of the issue is dispositive. We believe that the issue is whether or not a district court has jurisdiction over claims of misrepresentation or declaratory relief when they are brought by the plaintiff here in New Image in response to and to seek relief from claims, whether it's by the defendant or by a third party. Or accusations. Or accusations of breach of a collective bargaining agreement. If framed that way, there would be jurisdiction under Rosie's transfer. Okay. But we have to look at Textron, though. Okay. I agree. So they make three principal arguments. Why don't you put the framing that your opponent proposes? You've given us your framing. What they say is the issue is whether the district court, whether the plaintiff must be asserting a claim for relief for breach of contract in order for the district court to have jurisdiction. That's their position. Asserting a violation of contract. Pardon me? Asserting a violation of contract. Correct. That the plaintiff must bring the claim for relief. As opposed to the plaintiff bringing a claim for misrepresentation or declaratory relief to combat. To void the contract. Not to combat anything. To declare the contract is void. It could be that. It could be. That's what it is. Well, it could also be for damages. Right? For example, it could be a declaration. Because of a void contract. It's not for a breach of that contract. It's to say this contract is a nullity. Well, I'm not saying yes only because the collective bargaining agreement could be enforced with the exception of what was misrepresented. So I don't want to say that the result has to be. That's not what they pled. They didn't say just knock out the paragraph that says we have to pay periodically into the fund. Well, that's what we pled. We're New Image, and that's what we pled. And we also seek a declaration that the residual provision is not enforceable. That's the subject of the misrepresentation. And that we're entitled to damages on the, for the misrepresentation because of what my client had to pay to the third party pension plan. Right. May I ask a question? Sure. And it may not make a distinction, but is your claim, as Judge Kelly just put you, that your declaratory relief is to void the contract, or is it a claim that the representations that there would be no residual payments was a part of the real collective bargaining contract so that you have to read both the oral representations and the collective bargaining contract together to determine whether there's an obligation? Is it a fraud and vitiation of a contract claim, or is it a claim that the real CBA contains your position? It's more of the latter. But to be more precise, it's to say that the residual provision of the CBA is not enforceable. That's part of an agreement between the employer and the union. Whether it's part of an agreement. Aren't you going to have a little bit of a problem with that if the CBA has an integration clause? No, because that would be a contract-based argument. And what new image has asserted below, and in this case, is a misrepresentation. And that's the distinction. And of course, the integration clause never precludes a party from asserting a misrepresentation or fraud claim. So let me get to Textron. That's why I said the framing of the issue is key, because in Textron ---- Well, because the union's complaint, the Supreme Court in Textron said, because the union's complaint alleges no violation of the collective bargaining unit, neither this court nor the federal courts below have subject matter jurisdiction under Section 301A, which confers jurisdiction only over suits for violation of contracts. While a federal court may, in the course of resolving a dispute concerning alleged violation of a collective bargaining unit, adjudicate the affirmative defense that the contract was invalid, it has no jurisdiction to resolve such a contention independently of, rather than ancillary to, its power to adjudicate suits for violation of contracts. Here, since the union neither alleges that Textron has violated the contract nor seeks declaratory relief from its own alleged violations, Section 301A jurisdiction does not lie. So that's what they say in Textron. And this case seems to fit pretty closely, because New Image allegedly failed to make residual payments both to the Motion Picture Industry Health and Pension Plan, and IOTC asserted claims against New Image for intentional and negligent risk representation and declaratory relief. So tell me why that is a suit for a contract violation. Okay. I know that's a long question. Let's start with the key difference. In Textron, neither side claimed that the other side had violated the CBA. And no third party had claimed or accused either party of breaching the CBA. One of the parties wanted to assert a claim for declaratory relief so as to get guidance for the future so that they could violate the provision prospectively. That was the issue. And that was the only issue in Textron. And so what the Supreme Court is saying there is that neither side has claimed that there is a breach, a past breach. And that's the issue. If there has to be — what our view of Textron is is that there must be an antecedent claim or accusation of breach. It doesn't have to be alleged in the lawsuit. It can be alleged informally. We've cited many cases that say that. It can be an accusation or a claim asserted by a third party, like the pension plans, which is what happened here twice. My client got sued twice, and misrepresentation you cannot raise as a defense in a claim by a pension fund under the Ninth Circuit law. So their only relief for having been duped into the contract is to bring it in Federal court as an affirmative claim, but to say that we have been accused. There has been a claim or an accusation against us. Therefore, there is an antecedent claim. We don't have to worry about Textron. Well, you could have brought an action in front of the NLRB under Sections 7 and 8, that that's a bargaining in good faith issue. Okay. Well, maybe, maybe. It doesn't deal with back pay. But maybe you could. But there's concurrent jurisdiction under 301. So — and under the NLRB, you can't get compensatory or punitive damages. So you can't get relief for the wrong. So a party that's duped into a contract just can't get relief then. And that's why the Textron rule really doesn't apply here, because in Textron, nobody needed relief. And why did nobody need relief? Because there was no prior antecedent claim that a contract had been violated. It was all prospective. You argue that Justice Scalia, in writing in Textron, foresaw your case when he said, similarly, a declaratory judgment plaintiff, that's what you are, accused of violating a collective bargaining agreement, which you are, may ask a court to declare the agreement invalid. Right? Correct. That was dicta in Textron. Right? Let's get to the point. How binding is that dicta on us? I don't think the — I don't think Textron is binding on this Court at all. I mean, it is if you were presented with the Textron issue, where there was no antecedent claim or accusation. But to me, it's not relevant to this dispute, because here there is an antecedent claim of violation. Isn't that exactly what Justice Scalia was saying, if there's an antecedent claim? I wish I could divine the answer to that. I'm not sure exactly what he had in mind there. I know that the Court does not mention Rose's transference decision, nor does it mention Rose's transfer in Granite Rock. And so you are faced with a claim by Yahtzee that somehow the Supreme Court intended to implicitly overrule Rose's transfer without ever mentioning the case on a case that was factually dissimilar on the very key issue that is the core of the Textron decision, namely that there was no antecedent claim of a past violation of the contract. So your position is that Rose's transfer lives where there's no antecedent claim of a violation? Rose's transfer lives where there is an antecedent claim. Correct. And that would be consistent with the decision of the Seventh Circuit in J.W. Peters v. Bridge. Of all of the cases that have been cited by both sides, that's the one that is post-Textron that addresses the very issue that's before this Court, and the Seventh Circuit came out the same way that Rose's transfer did. Obviously, Rose's transfer was before Textron. J.W. Peters v. Bridge Structural and Reinforcing Ironworkers was after Textron. And it draws the precise line. If there is an antecedent claim of a violation of a CBA, then it is appropriate for the district court, and the district court has jurisdiction, to address a claim, whether it's declaratory relief or misrepresentation, to combat the rest of your time. I do. Thank you. Okay. Thank you. That was a Peters case. Pardon me? Peters case. Yes. J.W. Peters. Judge Baye, you framed the question. David Rosenfeld. Good morning. Tell us who you are. David Rosenfeld. I know you're excited to jump in. I'm excited. Yeah. This is a labor lawyer's dream, in some respects. I've lived with Rose's transfer for many years. Judge Baye, you framed the question when you added the word accusation, because that issue was addressed in the Supreme Court, in its opinion, because the government joined with the union and filed an amicus brief. And in that opinion, the court says, by its terms the provisions confer federal jurisdiction over suits or a violation of contract. Focusing on the breadth of the word for, the government, in its brief, argues that Section 301A is broad enough to encompass not only a suit that but a violation of contract. Well, let me ask you this. Do you think that this court's en banc precedent in Miller v. Gammie justifies the district court's assertion that the Supreme Court in Textron has abrogated Rose's transfer, which is a three-judge panel opinion, and we must follow Textron? Yes. Miller counseled in his brief, just quotes the one phrase in Miller about irreconcilable conflict. We think there's an irreconcilable conflict between Rose's and Granite Rock and Textron. But the rest of the quote, and Miller summarizing its view is, this court will, a panel like this or a district judge, has a right to look at a Supreme Court decision where the mode of reasoning, the rationale overrules a decision, even though the Supreme Court doesn't say we're expressly overruling a prior case. And so that Miller is broad enough to say there's a flexible approach in this circuit to what a three-judge panel as this has, as well as a district court judge has, when looking at what the Supreme Court has done since Rose's transfer. And this court has applied Miller in four or five cases since then, which we didn't cite in our brief, overruling prior panel decisions. But the problem with that argument is if the rationale can overrule, if Textron's rationale can overrule Rose's, don't you have to have similar facts in this case to Rose's? And Rose's, there was no claim of violations of the contract. And here there is an accusation of a violation of the contract. Well, in Rose's, counsel is correct. Earlier, the trust fund had sued and collected. In this case, they're claiming that the trust fund had sued and they'd settled. They then claimed that the trust fund had made an additional claim, filed a lawsuit that was withdrawn. So the status of the situation at the time this lawsuit was filed in 2015 is there's no collective bargaining agreement in effect. There's no pending claim. The only claim is an assertion that the company had filed a grievance against the union, my client. And the union had filed a grievance, which was pending. But the complaint doesn't refer to the grievances. The complaint doesn't refer to the fact that there's a grievance dispute. It just says IATSE, my client, claims that these residuals have to be paid. So your position is that at the time this action was filed, there was no accusation which would raise a plaintiff's action, such as mentioned in Justice Scalia's dicta? No, I want to be careful here. The complaint does not allege an accusation, doesn't allege the grievance. But in response to the complaint, we said if there is any action, it should be arbitrated so the record reflects the fact that there are counter grievances pending. You could call them accusations, but the reason I read the language from the Supreme Court decision was that the court was very clear that merely because the complaint concerns a violation, meaning an accusation of a violation, doesn't give the court jurisdiction unless the plaintiff alleges a violation, which they didn't do here. And there's a practical reason for that. There are actually two practical reasons. Well, the plaintiff in the declaratory relief action alleges that he is accused of a violation, correct? That's enough. That's correct. In the declaratory relief, he alleges that he's accused of a violation, but he says in the future. The operative paragraph here on the declaratory relief is all in the future. Specifically, new image contends that the residual contributions, provisions do not apply to new image, and that IATSC is obligated to indemnify or otherwise compensate new image. This is the record of 323. For any liability occurs in the future to the plan arising from the nonpayment of residual contributions and for the cost of defending against any further lawsuit. It's all in the future. So there are two problems here. One is I don't think the court was suggesting that simply because a union steward or a union officer files a grievance that that somehow creates an accusation that then allows a plaintiff to run off to court to say the contract is invalid. That would not have any – and there's a second jurisdictional reason, which is Peacock versus Thomas. So what Peacock holds is that there is no federal jurisdiction in a subsequent case because you're contesting the earlier case or raising an issue about the earlier case. There's only federal jurisdiction in the subsequent case if you can find some federal jurisdiction basis. So I concede that as to the first trust fund case in which the trust fund sought residual contributions, there was jurisdiction under ERISA. That was settled and gone. So Peacock says that you can't bootstrap federal jurisdiction in a subsequent case because there was an earlier federal claim on which the court had jurisdiction. Isn't there a present claim by the plan that they're owed money? Well, at the time the complaint is filed, all that the complaint alleges is that there was a claim that was settled and that the plan made another claim, which by way of a lawsuit, it was withdrawn. And we don't know anything more because we don't know that there was actually an audit or a claim. Your point is that the complaint itself claims the ERISA trustees withdrew their claim for future contributions? No. What the complaint alleges is that they settled the first lawsuit with a secret settlement. Then there was an additional claim brought for some more years. By way of a lawsuit, it was withdrawn pending an audit. And we don't know anything more in the complaint. So the claim was made pending audit, right? The claim was made and it was withdrawn pending an audit. And the complaint doesn't allege that there was an audit that was completed or that anything further happened. Didn't the complaint also allege it was voidable at the option of the UAW? In the Textron case, yes. Yeah. And isn't that what they were seeking in this case? Well, that's what fraud in the inducement is. Fraud in the inducement is only the claim for that tort is we would not have entered into just that provision. We would not have entered into the contract. And that's why this is a tort. The district judge ruled on Textron. And we think that that governs here because, again, it's just a claim that the contract in its whole is invalid because misrepresentations were made to us and we would not have signed this agreement but for that. That's what a tort is. It's the intentional misrepresentation and the negligent misrepresentation. So I'm trying to understand their best argument just in terms of how they're countering that. And the question, I think, was asked by Judge Kelly of appellant's counsel about, well, you could have filed a claim, you could go in front of the board, and you could do this. And they said, but, no, we couldn't get damages there or whatever. Does that ‑‑ how does that factor into this? Your Honor, that's exactly what Granite Rock says. That's exactly the problem. He is probably right that the damages before the labor board are limited. But he could have gotten relief before the labor board because had they shown to the labor board that they would not have entered into this but for being duped into it, the labor board could have voided the contract. And he's also incorrect because there are a few cases that I'm aware of where the board has ordered a union to reimburse an employer for expenses incurred because the union either duped or forced the employer to sign a contract that it would not have agreed to. Now, I'm not saying that's a usual remedy, but it is a remedy. So in that, if it were in front of the board, then the evidence about how they never paid the whole time and what this would be considered to determine if they were duped into it. Exactly. And I want to be careful here because this case is important. The result is important here in that the labor board has the jurisdiction to deal with these fraudulent inducement type claims on both sides. A union could raise it and say, as it did in Textron, employer, you duped us into signing the contract. The UAW went to court rather than to the board. Our view is that New Image should have gone to the board and said, in contract negotiations, you lied to us, you duped us. That's not bargaining in good faith. We want you, labor board, to rescind the contract and award damages. Now, counsel's correct. They can't get punitive damages under no circumstances, but they could get other damages and at least get the contract voided. And I want to go to Granite Rock because I think this fits in very well here at this point. So what Granite Rock involved was a contract claim against Local 287. That's not the issue here. The other part of the case was a contract claim against the international union claiming it was the agent of or the alter ego of the local. And that's really not the issue here, but I want to set the stage here. But what the court dealt with was the claim of a tort against the international union, tortious interference. And the court, without dissent, said, we're not going to allow under Section 301 the creation of a new federal tort. That was the only part of our panel decision which was affirmed by the Supreme Court. That's correct. I only smile because I was involved in Granite Rock. So was I. Yes, I know. I helped write the beast in the Supreme Court. But that was affirmed, and you were correct in that decision. Counsel argues that Granite Rock doesn't apply because there's a phrase in the Supreme Court. It's a narrow question. Let me just read it because he's just misquoting the decision. In reaching this conclusion, and, again, I want to be careful, what the Supreme Court said was we're not going to create a new tort of tortious interference for a lot of good reasons. In reaching this conclusion, we emphasize that the question before us is a narrow one. It is not whether the conduct Granite Rock challenges is remediable, but whether we should augment the claims already available to Granite Rock. And Justice Thomas goes on to say there are a lot of alternatives available to Granite Rock. Labor Board, Granite Rock already has substantial judgment against the local union, even speculates there's a state law tort here. Remember, the claim here is only a federal claim based on 301. They allege no state tort claim and no jurisdiction under Section 1331. I have a question for you because you've said several times, I want to be really careful here because this is, like, really important. And so when I hear things like that, I'm thinking, okay, so publishing on if – are you saying this case needs to be published? And if so, obviously you're – you have concerns about unintended consequences coming out of it. And so I'm really – I wasn't exactly sure what you were saying there. I'm saying that what Justice Thomas went on to say was that because – that Granite Rock, he said, wasn't totally out of luck because that was Granite Rock's argument. If you don't do something, we're totally out of luck. He said, no, you're not out of luck. There are other alternatives that you didn't explore. Tort – a state tort claim, he's not saying it's valid, just saying you didn't explore that. You have the right to proceed on your alter ego claim, Granite Rock against the IBT. And he said you could have gone to the Labor Board, but you didn't. And I think what Justice Thomas was – I think what he was saying was we're not going to create torts under the guise of Section 301 because it interferes with the National Labor Relations Board regulation. And I want to be clear here, again, that in Granite Rock, the issue was the conduct of the international union in telling the local union not to abide by the contract. The international didn't have a bargaining relationship with Granite Rock. But here, New Image had a bargaining relationship with the IE, with the union. And so this is a quintessential unfair labor practice. There's no speculation about it, although Justice Thomas says the – says maybe there is an unfair labor practice against the international. Rose's transfer was – said exactly that. In Rose's, the court said all parties agree that fraudulent inducement of a union to an employer is an unfair labor practice. And I agree that it can be. And so this is even a more powerful case to say we're not creating a federal tort of fraudulent inducement in the bargaining context because that is what the National Labor Relations Board – But he's not seeking fraud – he's not seeking fraud damages. He's seeking a vitiation of the contract. No, Your Honor. The first claim and the second claim. The first claim is intentional misrepresentation. The second claim is misrepresentation and he's seeking damages. And then in the third claim, he's seeking declaratory relief. He's seeking in the future that if there are any further claims, that IATSC be required to indemnify. That's a tort remedy. It's not really a contract remedy. So he's seeking – Well, indemnity is an equitable remedy. Right, and that's another issue about whether even federal law – the federal common law of contracts creates an indemnification, right, because the Supreme Court has addressed that in the Northwest Airlines case, saying we're not creating indemnification under federal labor law. So, Your Honor, this is an important case, and I just want to be clear that we think both Granite Rock, which says the courts cannot create new torts in the guise of Section 301, including intentional interference or negligent or intentional misrepresentation, washes the case out, even though the district court in a footnote said it didn't need to address it. And secondly, what they were seeking in this case was a declaration that the contract was invalid because they got duped into it, and Testron says that under Section 301, that's not a suit for a violation of contract. Okay. Thank you for your argument. Thank you. Do you agree with your learned friend that you're attempting to create a new tort? That what? I'm sorry? That you're attempting to create a new tort out of 301? No. I mean, this Court recognized the tort of fraud when there's an antecedent claim of breach in Rose's transfer. I think that the issue with Granite Rock is, and it was correctly decided, both by your panel and by the Supreme Court, was that the party in Granite Rock wanted to allege a new federal tort against a third party that was not defensive to an antecedent claim of breach. And that's the distinguishing factor here. I get back to it's how you state the question. If the question is the issue that was in front of the Ninth Circuit in Rose's transfer, which is, if there is an antecedent claim of breach, and whether it's claim or accusation, and I'm going to come back to that, okay, because I think that is an important discussion. If there is an antecedent claim of breach or an accusation, then can a party, as a plaintiff, sue for either declaratory relief or misrepresentation to defend against that accusation or the claim? If that's the question, then Granite Rock is irrelevant because it didn't involve that pattern. And the same is true with Textron because it didn't involve that pattern. It seems to me that Apelli is saying a little bit, you know, if it walks like a duck and talks like a duck, it's a duck, and that you're just trying to void the contract and whatever else you're saying is just really trying to make it look different, make it not look like a duck. I think with all due respect, they are stretching Textron and Granite Rock beyond the facts of the case, beyond the holdings of the case, and beyond the whole intent of the cases. I mean, Textron was clear as day that you must have an antecedent breach. That was the crux of the case. No antecedent claim or accusation of breach, no jurisdiction. Granite Rock really was a different issue. It was the creation of a new tort. It had nothing to do with combating a claim or accusation of breach. That is the difference. And so I think what that brings us to is back to the discussion that we've had, that you had with both counsel, about what is meant by accusation. Because that, to me, is really germane. Because when you heard opposing counsel's argument, he's saying there's no pending case. Well, that's never been the rule. The issue was, is, was there a prior claim or a prior accusation? In terms of accusation versus formal claim, in our brief at page 29, we cite all sorts of cases that the accusation need not be alleged in a formal complaint. It is enough that one informally accuses you of breaching the agreement. Even if the accusation is not still being made? Okay, so then we get to that. If it had been, if there had, it was no claim that resulted in a liability, and, but there was, because the first lawsuit ended in liability. But it was settled. Pardon me? It was settled. Yeah, well, that's a liability. It's a settlement. Well, that's a liability. Well, we don't know if it is or not. It was settled for substantial dollars, and that's alleged in the complaint in front of the district court. And the second case. You're seeking indemnity for those dollars? Or damages, yes, for those dollars that were paid, that were actually paid by my client. My client is out. It's been harmed. There is an antecedent, not only a claim, but an antecedent liability from the first lawsuit. From the second lawsuit, counsel stretches a little bit to suggest that the second claim was withdrawn. And you had that dialogue. The claim has not been withdrawn. The lawsuit was withdrawn pending further discussions. The accusation remains. And the third part where counsel I think overstepped a bit was to say that there's no allegation in the district court complaint that IATSE itself is making a claim. So IATSE is making a claim for the difference between what our client settled with the pension plans, because we didn't pay 100 cents on the dollar, and they're seeking the difference in the arbitration. And it is alleged in the complaint. Okay. You're over your time. So unless either if any of my colleagues want to hear more, then they get to hear more. But otherwise, I've let you go over time and gave you a little extra. I appreciate that. Do you have any additional questions? No. Thank you. All right. Thank you. Thank you. Thank you both for your arguments. This matter will stand submitted.
judges: Kelly, Callahan, Bea